**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

PAMELA STURGEON, on behalf )
of FINES W. STURGEON, )
　　　　　　　　　　　　　　)
　　　　　Plaintiff, )
　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　) Case No. CIV-20-193-RAW-KEW
　　　　　　　　　　　　　　)
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION, )
　　　　　　　　　　　　　　)
　　　　　Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff Pamela Sturgeon ("Plaintiff"), on behalf of Fines W. Sturgeon ("Claimant"), her son, requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of

such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

"substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 30 years old on the alleged disability onset date of July 15, 2016. He died on August 24, 2017. Claimant had a limited education and past relevant work as an auto mechanic and construction worker I. Claimant alleges an inability to work due to limitations resulting from fracture of the left upper extremity, spine disorders, and depressive, bipolar, and related disorders.

### Procedural History

On July 6, 2017, Claimant filed an application for supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq*.) of the Social Security Act. On August 8,

2017, he filed for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On December 12, 2018, ALJ Michael Mannes conducted a hearing in McAlester, Oklahoma. Because of Claimant's death on August 24, 2017, Plaintiff was substituted as a party for Claimant's claim for a period of disability and disability insurance benefits and was present and testified at the hearing. On January 25, 2019, the ALJ entered an unfavorable decision. Plaintiff requested review by the Appeals Council, and on April 20, 2020, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with additional limitations.

### Errors Alleged for Review

Plaintiff asserts the ALJ erred by (1) failing to perform a proper evaluation of the consistency of Claimant's testimony with the evidence of record, and (2) failing to propound a proper hypothetical question to the vocational expert ("VE") at step five.

**Evaluation of Subjective Complaints**

In his decision, the ALJ found Claimant suffered from fracture of the left upper extremity, spine disorders, and depressive, bipolar, and related disorders. (Tr. 22). He determined Claimant could perform light work with additional limitations. Claimant could occasionally climb ramps or stairs but never climb ladders, ropes, or scaffolds. He could occasionally balance, stoop, kneel, or crouch, but never crawl. Claimant could occasionally reach overhead with the right upper extremity and frequently handle or finger with the right upper extremity. He could perform simple and some complex tasks, relate to others on a superficial work basis, and adapt to a work situation. Time off task by Claimant could be accommodated by normal work breaks. (Tr. 24-25).

After consultation with the VE, the ALJ determined Claimant could perform the representative jobs of electrical accessory assembler, power screwdriver operator, and inspector and hand packager. (Tr. 28-29). As a result, the ALJ concluded Claimant was not under a disability from July 15, 2016, through the date of his death. (Tr. 29).

Plaintiff asserts that the ALJ failed to properly evaluate Claimant's subjective complaints, as he used "boilerplate" language and failed to account for Claimant's pain and that no physician had indicated Claimant's complaints were exaggerated.

Deference must be given to an ALJ's evaluation of Claimant's pain or symptoms, unless there is an indication the ALJ misread the medical evidence as a whole. *See Casias*, 933 F.2d at 801. Any findings by the ALJ "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). The ALJ's decision "must contain specific reasons for the weight given to the [claimant's] symptoms, be consistent with and supported by the evidence, and be clearly articulated so the [claimant] and any subsequent reviewer can assess how the [ALJ] evaluated the [claimant's] symptoms." Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *10. However, an ALJ is not required to conduct a "formalistic factor-by-factor recitation of the evidence[,]" but he must set forth the specific evidence upon which he relied. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

As part of his evaluation of Claimant's pain and other symptoms, the ALJ noted the two-step process for the evaluation of symptoms set forth in Social Security Ruling 16-3p and the requirements under 20 C.F.R. §§ 404.1529, 416.929. (Tr. 25). After thoroughly summarizing the medical evidence and other evidence in the record, as well as Claimant's subjective complaints and Plaintiff's testimony regarding Claimant's symptoms, the ALJ determined Claimant's medically determinable impairments could

reasonably cause his alleged symptoms, but he found that Claimant's statements and the third-party testimony regarding the intensity, persistence, and limiting effects of symptoms were not entirely consistent with such evidence. (Tr. 25-27).

The ALJ considered the objective medical evidence, including findings from Claimant's physical and mental examinations. (Tr. 26-27). He considered Claimant's pain symptoms, pain management, and non-compliance with medication, including the allegation that Claimant did not seek treatment for financial reasons. (Tr. 27). The ALJ considered that Claimant's treatment was routine and conservative during the relevant period, there was no evidence of any substantial limitations in mental functioning, and he had no history of decompensation or need for inpatient hospitalization associated with his anxiety and depression. He considered Claimant's activities of daily living and ability to maintain personal care, except for needing encouragement to do things, along with the opinion evidence. (Tr. 27-28). There is no error with the ALJ's evaluation of Claimant's subjective complaints.

### Step Five Analysis

Plaintiff also contends the ALJ's hypothetical questions to the VE only limited Claimant to reaching overhead with his right arm on an occasional basis, but the ALJ did not find Claimant could frequently reach in all other directions. In response to the ALJ's hypothetical questions, the VE identified three jobs from the

7

Dictionary of Occupational Titles ("DOT") that Claimant could perform – electrical accessory assembler (DOT # 729.687-010, 1991 WL 679733 (4th Ed., Rev. 1991)), inspector and hand packager (DOT # 599.687-074, 1991 WL 683797 (4th Ed., Rev. 1991)), and power screwdriver operator (DOT # 699.685-026, 1991 WL 678865 (4th Ed., Rev. 1991)) – all of which required frequent reaching. Plaintiff argues the ALJ failed to resolve the conflict between the DOT and the VE's testimony.

"[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999). If the VE is relying on the DOT, the ALJ has an obligation to ask the VE if there are any conflicts between the VE's testimony and the DOT. *See* Soc. Sec. Rul. 00-04p, 2000 WL 1898704, at *4 (Dec. 4, 2000) ("When a VE . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that . . . evidence and information provided in the DOT.").

In addition to other physical and mental limitations ultimately included in Claimant's RFC, the ALJ included a limitation for occasionally reaching overhead with the right upper extremity. (Tr. 58). The VE testified that past relevant work was

8

precluded, and that Claimant could perform the jobs of electrical accessory assembler, power screwdriver operator, and inspector and hand packager. The ALJ specifically asked the VE if her testimony was consistent with the DOT and she answered, "Yes." (Tr. 57-60). The ALJ concluded that the VE's testimony was consistent with the DOT and determined there were significant numbers of jobs in the national economy that Claimant could perform. (Tr. 29).

Although the DOT job descriptions for the positions do state that the positions require "[r]eaching: [f]requently – [e]xists from 1/3 to 2/3 of the time[,]" the narrative descriptions of the jobs do not suggest that they require more than occasional overhead reaching. *See Williams v. Berryhill*, 2017 WL 9482503, at *3 (N.D. Okla., Dec. 8, 2017) (addressing the jobs of electrical accessory assembler and routing clerk and finding that "[d]espite the DOT requirement of 'frequent reaching,' nothing in these DOT job descriptions indicate a requirement for more than occasional overhead reaching. Thus, the ALJ could rely on the VE testimony."), adopted, 2018 WL 555717 (N.D. Okla., Jan. 25, 2018). There is no error with the ALJ's reliance on the VE's testimony.[2]

---

[2] As Defendant points out in the briefing, even if the power screwdriver operator and inspector and hand packager jobs are precluded, the electrical accessory assembler job addressed by *Williams* represents 80,000 jobs in the national economy (Tr. 29, 59), which the ALJ can rely upon to find Claimant not disabled at step five. *See Rogers v. Astrue*, 312 Fed. Appx. 138, 141 (10th Cir. 2009) (testimony by vocational expert of 11,000 hand packager jobs in the national economy could be relied upon by the ALJ as substantial evidence to support a finding of non-disability); *see also Nunn v. Apfel*, 1998 WL 321189, at *2 (10th Cir.

Plaintiff further asserts that the ALJ failed to include limitations in the RFC related to his determination that Claimant had a moderate limitation of concentration, persistence, or pace. She contends that limiting Claimant to simple, unskilled tasks does not adequately account for the moderate limitation.

The ALJ discussed the evidence related to each of the areas of functioning in his step-three findings. He found Claimant was moderately limited in all the areas, including concentrating, persisting, or maintaining pace. (Tr. 24). Consistent with Social Security Ruling 96-8p, the ALJ also noted that "[t]he limitations identified in the 'paragraph B' criteria [were] not a [RFC] assessment but [were] used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process[,] [and] [t]he mental [RFC] assessment used at steps 4 and 5 of the sequential evaluation process require[d] a more detailed assessment." He noted that the "[RFC] assessment reflects the degree of limitation I have found in the 'paragraph B' mental functional analysis." (Tr. 24); *see* Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *4 (July 2, 1996).

Plaintiff does not challenge the ALJ's step two or three findings, but only asserts that the ALJ did not sufficiently

---

1998) ("Even assuming that claimant's objections to some of the jobs identified by the vocational expert are well taken," if claimant can perform some of the jobs identified, the ALJ can rely on those jobs to find claimant not disabled).

consider Claimant's moderate limitation of concentration, persistence, or pace in the RFC or in the hypothetical question to the VE. She maintains that a limitation to simple, unskilled tasks does not adequately account for such a limitation. An ALJ, however, can account for mental limitations of functioning by limiting a claimant to certain types of work activity. *See Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016) ("We have held in a published opinion that an administrative law judge can account for moderate limitations by limiting the claimant to particular kinds of work activity."), citing *Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015) ("[T]he [administrative law judge] accounted for [the claimant's] moderate concentration, persistence, and pace problems in his [assessment of residual functional capacity] by limiting [the claimant] to unskilled work.").

In the hypothetical to the VE, in addition to limitations associated with Claimant's physical impairments, the ALJ indicated Claimant could perform simple and some complex tasks, relate to others on a superficial work basis, and adapt to a work situation. The VE testified that with his physical limitations and these mental limitations, Claimant could not perform his past work, but he could perform the unskilled jobs of electrical accessory assembler, power screwdriver operator, and inspector and hand packager. (Tr. 24-25, 29, 57-60). There is no error in the ALJ's mental RFC assessment.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of September, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE